**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOHN F. DONAHUE, III,**<br>**Plaintiff** | : | |
| **v.** | : | **C.A. No. 05-** |
| **THE WESTERLY AMBULANCE CORPS., INC. and STEPHEN LONGOLUCCO in his capacity as President of the Corporation,**<br>**Defendants** | : | CA 05 216 T |

**COMPLAINT**

**I. Introduction**

This is an action brought by Plaintiff John F. Donahue, III against Defendants Westerly Ambulance Corp., Inc. and Stephen Longolucco as President of Westerly Ambulance Corps., Inc. seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay and front pay, as well as compensatory, liquidated and punitive damages to remedy unlawful discrimination in employment the Plaintiff has suffered and to remedy the unlawful nonpayment of wages owed to Plaintiff in violation of the Rhode Island Whistleblowers' Protection Act ("RIWPA") §28-50-1, *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 219, the Rhode Island Minimum Wage Act ("RIMWA") R.I.G.L. § 28-12-1 *et seq.* and R.I.G.L. § 28-14-1 *et seq.*.

**II. Parties**

1. The Plaintiff, John Donahue, is a resident of the Town of Ashaway, County of Washington, State of Rhode Island.

1

2. Defendant Westerly Ambulance Corps., Inc. is a corporation duly organized and incorporated pursuant to the laws of the State of Rhode Island with its principal place of business 30 Chestnut Street, Westerly, Rhode Island.

3. On information and belief, Defendant Stephen Longolucco was, at all relevant times herein, employed by Defendant Westerly Ambulance Corps., Inc. as its President.

4. Defendant Defendant Westerly Ambulance Corps., Inc is engaged in interstate commerce in the production of goods for commerce with the meaning of Sections 3(b), 3 (i), 3 (j), 6 (a) and 7 (a) of 29 U.S.C. §§ 203 (b), (i), (j), 206 (a), 207 (a).

**III. Jurisdiction**

5. Jurisdiction is conferred on this Court by Section 16(b) of 29 U.S.C. § 216 (B) and 29 U.S.C. § 1002 *et seq*.

**IV. Venue**

6. Venue is proper in this Court in accordance with 28 U.S.C. §1391.

**V. Allegations Common to All Causes of Action**

7. From March 1, 1999 to April 13, 2005, Plaintiff was employed as an Emergency Medical Technician ("EMT") at Defendant Westerly Ambulance Corps., Inc. (hereinafter "Westerly").

8. As an EMT, Plaintiff was responsible for preparing for medical emergencies, traveling to medical emergencies, stocking the ambulance or emergency medical vehicle, administering first aid and other medical care in emergency medical situations, transporting patients to hospitals, driving the ambulance, cleaning and maintaining the ambulance and station, attending training sessions, studying emergency medical procedures and waiting to be called on emergency medical calls.

9. Throughout Plaintiff's employment at Westerly, Plaintiff was employed on a full-time basis and was paid on an hourly basis.

10. Throughout Plaintiff's employment, the Plaintiff's work performance met Defendant Westerly's legitimate business expectations.

11. Throughout Plaintiff's employment at Westerly, Westerly had a written policy requiring paid employees to work at Westerly without compensation.

12. Throughout Plaintiff's employment at Westerly, as a condition of Plaintiff's employment at Westerly, Plaintiff was required to volunteer his services at Westerly as an EMT.

13. As a condition of employment at Westerly, Westerly required paid employees to provide volunteer services at Westerly without compensation at a minimum of five (5) hours per month.

14. On information and belief, from 1999 until his termination of employment on April 13, 2005, Plaintiff was required to work and attend training in the approximate range of twenty-five (25) to one hundred (100) hours per month in addition to his usual forty (40) hour workweek at Westerly.

15. Plaintiff was not paid any wages due for the required "voluntary" work he performed, meetings that he attended and training programs that Westerly required he attend.

16. As a result of the "volunteer" work performed, Plaintiff often worked in excess of forty (40) hours per week and was not paid any overtime compensation for said "volunteer" hours.

17. In or about March, 2005, Plaintiff complained to Stephen Longolucco, Westerly's President, that the policy of requiring volunteer services by paid employees was unlawful and that he was owed wages for time worked, including overtime compensation.

18. Plaintiff further advised Defendant Longolucco, that he had reported what he believed to be violations of state and federal wage and hour laws to the Rhode Island Department of Labor ("RIDLT").

19. Nevertheless, Defendants took no action whatsoever, to properly compensate Plaintiff for hours worked and refused to pay Plaintiff overtime wages due.

20. Thereafter, by written report dated March 30, 2005, Plaintiff filed a complaint with the RIDLT, reporting what he believed to be violations of state and federal wage laws; namely Defendant Westerly's requirement that Plaintiff, a full time paid EMT at Westerly, provide "voluntary" work at Westerly without any compensation whatsoever and that Plaintiff work in excess of forty (40) hours per work week, without being paid overtime compensation.

21. On information and belief, as a result of Plaintiff's report to the RIDLT, the RIDLT contacted Defendant Westerly regarding Plaintiff's complaint.

22. Shortly thereafter, by letter dated April 14, 2005, Plaintiff was advised that his employment at Westerly was terminated, effective April 13, 2005.

23. Defendants subjected the Plaintiff to discrimination and discharge, including but not limited to termination of employment for having reported what he reasonably believed to be violations of laws and rules and regulations of state and/or federal law.

24. Defendants' unlawful discriminatory actions and/or omissions are in violation of the RIWPA, the FLSA and the RIMWA and were motivated by malice and ill will toward the Plaintiff, and the Defendants' actions were taken with reckless disregard and callous indifference to the statutorily protected rights of the Plaintiff.

25. As a proximate result of Defendants' discriminatory acts and/or omissions, including but not limited to those described herein, the Plaintiff has suffered and will continue to

suffer severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

## VI. Claims For Relief

26. Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-25 above.

### Count One
### Rhode Island Whistleblowers' Protection Act—R.I.G.L. §28-50-1, et. seq.

27. Defendants, by their acts and/or omissions, including but not limited to those described herein, discriminated against the Plaintiff because he reported what he reasonably believed to be violations of laws, rules and/or regulations of federal and/or state laws.

### Count Two
### 29 U.S.C. §215 et seq.

28. Defendants, by their acts and/or omissions, including but not limited to those described herein, discriminated against the Plaintiff because he reported what he reasonably believed to be violations of the FLSA.

### Count Three
### Violation of FLSA 29 U.S.C. §206

29. Defendants, by their acts and/or omissions, including but not limited to those described herein, violated the FLSA by failing or refusing to pay Plaintiff the federally established minimum wage for all work performed, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Four
### Violation of FLSA 29 U.S.C. §207

30. Defendants, by their acts and/or omissions, including but not limited to those described herein, violated the FLSA by failing or refusing to pay Plaintiff overtime

compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Five**
**Violation of RIMWA R.I.G.L. §28-12-1, *et seq.***

31. Defendants, by their acts and/or omissions, including but not limited to those described herein, violated the RIMWA by failing or refusing to pay Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-12-19.

**Count Six**
**Violation of RIMWA R.I.G.L. §28-14-1, *et seq.***

32. Defendants, by their acts and/or omissions, including but not limited to those described herein, violated the RIMWA by failing or refusing to pay Plaintiff state established minimum wage for all work performed, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-4.

**VIII. Prayers for Relief**

**WHEREFORE,** Plaintiff prays that this Honorable Court enter judgment:

a. Declaring the acts and practices complained of herein as being in violation of the Rhode Island Whistleblowers' Protection Act, the Fair Labor Standards Act, the Rhode Island Minimum Wage Act and the Rhode Island Payment of Wages Act,.

b. Enjoining and permanently restraining the Defendants from violating the Rhode Island Whistleblowers' Protection Act, the Fair Labor Standards Act, the Rhode Island Minimum Wage Act and the Rhode Island Payment of Wages Act.

c. Directing Defendants to take such affirmative action as is necessary to ensure that

the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's future employment opportunities.

d. Awarding the Plaintiff back pay and lost benefits and otherwise make him whole for all the earnings he would have received but for Defendants' unlawful acts and discriminatory treatment, including, but not limited to, wages, and employment benefits.

e. Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other personal losses.

f. Awarding the Plaintiff punitive damages for the Defendants' intentional, malicious, and reckless violation of the Rhode Island Whistleblowers' Protection Act.

g. Pursuant to 29 U.S.C. § 216 (b), award Plaintiff an equal amount in liquidated damages.

h. Awarding the Plaintiff interest, reasonable attorney's fees, costs, and expert witness fees as provided by the Rhode Island Whistleblowers' Protection Act, the Fair Labor Standards Act, the Rhode Island Minimum Wage Act and the Rhode Island Payment of Wages Act.

i. Granting such other and further relief as this Honorable Court deems just and proper.

## IX. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

Plaintiff hereby designates Louise A. Herman, Esquire, as trial counsel.

PLAINTIFF
By his attorneys,
SINAPI, FORMISANO & COMPANY, LTD.

Louise A. Herman (#6430)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (fax)

Dated: May 16, 2005