**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOHN F. DONAHUE, III** | : | |
| **Plaintiff** | : | |
| | : | **C.A. No. 05-216T** |
| | : | |
| **THE WESTERLY AMBULANCE CORPS, INC.,** | : | |
| **and STEPHEN LONGOLUCCI in his capacity as** | : | |
| **President of the Corporation,** | : | |
| **Defendants** | | |

**ANSWER OF DEFENDANTS**

Now come the Defendants and answer the Plaintiff's Complaint.

**FIRST DEFENSE**

**I. Introduction**

Insofar as the Plaintiff's Introduction states the nature of relief sought and the grounds upon which said relief is sought, no response to the averments is required, and none is given. Insofar as the Plaintiff's Introduction can be said to make factual allegations, said allegations are denied.

**II. Parties**

1. Defendants are without sufficient information to admit or deny the averments contained in Paragraph 1, and therefore leave Plaintiff to his proof.

2. Admitted.

3. Admitted.

4. Insofar as the averments contained in Paragraph 4 contain legal conclusions rather than factual allegations, said averments are neither admitted nor denied, and therefore are effectively denied.

**III. Jurisdiction**

5. Insofar as the averments contained in Paragraph 5 contain legal conclusions rather than factual allegations, said averments are neither admitted nor denied, and therefore are effectively denied.

## IV. Venue

6. Insofar as the averments contained in Paragraph 6 contain legal conclusions rather than factual allegations, said averments are neither admitted nor denied, and therefore are effectively denied.

## V. Allegations

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20, and therefore leave the Plaintiff to his proof, thus effectively denying said allegations.

21. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21, and therefore leave the Plaintiff to his proof, thus effectively denying said allegations.

22. Defendants admit the allegations contained in Paragraph 22 insofar as they allege that Plaintiff was advised by letter dated April 14, 2005 that his employment at Westerly was terminated effective April 13, 2005. The remaining allegations are denied.

23. Denied.

24. Denied.

25. Denied.

## VI. Claims for Relief

26. The Defendants incorporate their responses to Paragraphs 1-25, above.

### <u>Count One</u>

27. Denied.

### <u>Count Two</u>

28. Denied.

### <u>Count Three</u>

29. Denied.

### <u>Count Four</u>

30. Denied.

### <u>Count Five</u>

31. Denied.

### <u>Count Six</u>

32. Denied.

## <u>SECOND DEFENSE</u>

## AFFIRMATIVE DEFENSES

1. The Plaintiff has failed to exhaust his administrative remedies.

2. The Defendants plead the affirmative defense of laches.

3. The Plaintiff has failed to commence this action within the applicable statutes of limitation.

4. The Plaintiff has failed to state a claim upon which relief may be granted.

5. This Honorable Court lacks personal jurisdiction over the Defendants.

6. This Honorable Court lacks subject matter jurisdiction over the instant dispute.

Respectfully submitted,
Defendants,
By their attorneys,

Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
September 6, 2005

Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
September 6, 2005

DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**CERTIFICATION**

I, the undersigned, hereby certify that on September 6, 2005 I sent a true copy of the within by regular mail to all of the parties below:

Louise A. Herman, Esq.
Sinapi Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920

[signature]